IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 4:02-cr-00062-SPM-AK

CARLOS ALBERTO LIMON-JUAREZ,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 153, Motion to Vacate under 28 U.S.C. § 2255, Carlos Alberto Limon-Juarez. The Government has responded, Doc. 157, and Defendant has filed a reply. Doc. 159. Defendant has also filed a supplement to his motion to vacate based on *Booker*. Doc. 160. Having carefully considered the matter, the Court recommends that the motion to vacate be denied.

## BACKGROUND

Defendant and others were indicted in a Superseding Indictment with conspiring to distribute and to possess with intent to distribute more than 1,000 kilograms of marijuana. Doc. 34. In a second count, Defendant alone was charged with possession with intent to distribute more than 50 kilograms of marijuana. *Id*.

On February 11, 2003, Defendant appeared before the Magistrate Judge for a change of plea on Count One, the conspiracy charge. As part of the plea colloquy, the Court questioned

Defendant about the quantity of drugs at issue, repeatedly pointing out to him that if the case were to proceed to trial, the Government would have to prove that "this conspiracy involved more than a thousand kilograms of marijuana.  The weight is an element."  In response, Defendant advised the Court that he understood.  Doc. 134 at 12-13.  The Court then questioned Defendant about the Statement of Facts.  It too contained information regarding the weight of the marijuana at issue:

> THE COURT: Did you and [a co-defendant] have an agreement to distribute marijuana?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And was the amount that you got involved with more than a thousand kilograms?
>
> THE DEFENDANT: It was slightly more than a thousand.
>
> THE COURT: Just slightly more than a thousand.  Is that correct?
>
> THE DEFENDANT: Slightly more.  Yeah, it's okay the way it's stated here.
>
> THE COURT: The last statement is that prior to the events of October 31st, that the total amount of marijuana was 2,740 kilograms.  Do you agree that the government has evidence that they could show to the jury that that statement is true?
>
> THE DEFENDANT: With the papers that I have been given and what they have said, I guess so.
>
> THE COURT: All right.  Do you admit that you were involved with something more than a thousand kilograms of marijuana?
>
> THE DEFENDANT: Yes, I do.
>
> THE COURT: So to get it clear for the record, this says 2,740 kilograms, and you're saying that you're not so sure about that, but you do agree that it was more than a thousand kilograms?
>
> THE DEFENDANT: Yes, more than a thousand, but not as much as 2,740.

*Id*. at 14-15; *see also* Doc. 83.  Defendant's attorney agreed that the amount of marijuana at issue was "over a thousand kilos," and that the Government had "suggested [it] can prove 2,740." Doc. 134 at 19.

The Court then explained:

[I]f there's no substantial assistance motion, you don't have to provide information to the government under these circumstances.  But if there's no motion, then the sentencing range will be governed by the minimum ten-year sentence.  And it will also be governed by the amount of marijuana that the sentencing judge decides at the sentencing time.

*Id*. at 20.  Defendant again stated that he understood.  *Id*.

Counsel for Defendant then explained his understanding of the Plea Agreement:

MR. BIRES:   [B]asically the plea agreement is an agreement on the part of Mr. Juarez to plead guilty to Count 1.  There is, pursuant to the factual basis, an agreement that his relevant conduct is in the level 32 range.  The government has suggested they can prove 2,740.  We agree that it's over a thousand kilos.

*Id*. at 19.  After counsel again advised the Court that "[w]e agree that [the marijuana weight] is in that 1,000 to 3,000 range," the Court again questioned Defendant about his understanding of the weight issue:

THE COURT:   Do you understand that what your attorney has said is that by agreeing that the amount of marijuana was more than 1,000 kilograms, that under the guidelines you are at level 32 for offense characteristics?

THE DEFENDANT: Yes, I understand.

THE COURT:   Has anyone made any promises to you as to the amount of sentence that might be imposed that are not in this plea agreement?

THE DEFENDANT: No.

THE COURT:   Do you understand that there has been no promise as to what sentence would be imposed in the plea agreement?

    THE DEFENDANT:  No.

    THE COURT:  I mean, do you understand that? You're saying there is no promise?

    THE DEFENDANT:  Yes, I understand there is no promise.

*Id*. at 21-22. The Court then recommended acceptance of the change of plea, Doc. 86, which subsequently occurred. Doc. 97.

Before sentencing, Defendant personally disputed the assessment of points under the Sentencing Guidelines for his role in the conspiracy, but he did not mention the amount of marijuana at issue. Doc. 115. At sentencing, the weight of the marijuana again became an issue. During the Government's questioning of Detective Christopher Chase, the following occurred:

> Q. Now, Detective Chase, you mentioned that you are familiar, in your work in the Tallahassee, Leon County area...with the value of marijuana in this particular area, is that correct?
>
> A. Yes, sir.
>
> Q. And what is the...value, wholesale, of one kilogram of marijuana?
> A. It can fluctuate normally to about 1700 to $1,760.
>
> Q. Now, the defendant has stipulated to 2,740 kilograms of marijuana in this case. So what would the wholesale value of that be, 2,740?
>
>> MR. BIRES: Excuse me, Judge. I think what the record will show is that Mr. Juarez has admitted that he was involved in more than a thousand kilograms, and that would be what the record at rearraignment, or at his plea of guilty, would indicate. We do agree that it was more than a thousand kilograms, and its' the government's position that it's 2700 some odd grams. But so that it's clear, specifically what Mr. Juarez agreed to was that it was more than a thousand kilograms.

Doc. 135 at 35. There was no further issue regarding drug weight, and the Court sentenced Defendant to 185 months imprisonment. *Id*. at 42; *see also* Doc. 121.

With new counsel, Defendant appealed his sentence. The court rejected both grounds on

appeal, neither of which involved the issue of drug weight, and affirmed Defendant's sentence. Doc. 152.  The instant motion to vacate ensued.  On this occasion, Defendant argues that he could only be accountable for 1,480 pounds of marijuana, not 2,740 kilograms, as the Government "double count[ed]" marijuana attributable to his co-defendants, and the Government stipulated that the "marijuana was over the 100 kilos, not 1,000 kilos."  Doc. 153, Mem. at 4-5 & 7.  He also argues that both trial and appellate counsel were ineffective for not pressing the above issue.  *Id*. at 9-10.

**DISCUSSION**

Neither of these claims has merit.  Defendant plainly agreed that the amount of marijuana at issue was over 1,000 kilograms, not the 672.7 kilograms (after conversion) he now suggests. No figure less than 1,000 kilograms was ever mentioned anywhere except in Count Two of the Superseding Indictment, which was dismissed upon Defendant's adjudication of guilt on Count 1.  Defendant knew during the plea hearing that he was minimally facing a sentence based on a Level 32, which is the Guidelines level when the offense involves at least 1,000 kilograms but less than 3,000 kilograms of marijuana.  Even then, the magistrate judge was very careful to advise Defendant that no promises had been made in that regard and to determine that Defendant understood that he was not being guaranteed any particular sentence.  Defendant never equivocated during the plea hearing that the amount of marijuana exceeded 1,000 kilograms.

The law is well established that a "guilty plea means something.  It is not an invitation to a continuing litigation dialogue between a criminal defendant and the court."  *Murray v. United States*, 145 F.3d 1249, 1254 (11th Cir. 1998).  In fact,

> the representations of the defendant, his lawyer, and the prosecutor at...a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations

in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

In this case, the Court and counsel were very thorough in reviewing with Defendant the issues that he now contests. Thus, his contentions that either counsel failed in his obligations to Defendant "are contentions that in the face of the record are wholly incredible." Because Defendant was very clear at the plea hearing that the amount of marijuana at issue exceed 1,000 kilograms, there was nothing his attorney could contest about that on appeal.

As to Defendant's *Booker* claim, it is not cognizable on a § 2255 motion. *Booker*, which is based on *Blakely*, is not retroactively applicable to cases on collateral review, as "*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005).

## CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to vacate, set aside, or correct sentence, Doc. 153, as supplemented by Doc. 160, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this **23rd** day of August, 2006.

                                               s/ A. KORNBLUM
                                               **ALLAN KORNBLUM**
                                               **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**